(64 Misc. Rep. 382.)

## KRUGER v. KRUGER.

(Supreme Court, Special Term, New York County. August, 1909.)

MARRIAGE (§ 58*)—ANNULMENT—GROUNDS—MARRIAGE UNDER AGE.

Code Civ. Proc. § 1742, allows an action by a woman to annul a marriage, where she was under 16 years at the time thereof, and it was without the consent of a parent or guardian, and was not followed by consummation or cohabitation, and was not ratified by mutual assent of the parties. Section 1743 allows an action to annul a marriage because one or both of the parties were not of the age of legal consent. Domestic Relations Law (Laws 1896, p. 216, c. 272) § 4 (Consol. Laws, c. 14 [Laws 1909, p. 14, c. 19] § 7), declares the age of consent to marry to be 18 years, but does not amend section 1742. Laws 1907, p. 1748, c. 742, § 10, in amendment of the domestic relations law, forbids the city clerk, if it shall appear, upon application for a marriage license that the man is under 21 or the woman under 18, to issue a license without first requiring the written consent of both parents or a guardian. *Held*, that section 1743 must be read in connection with section 1742 and the other statutes, and that the marriage of a girl 17 years old cannot be annulled, at her instance, on the ground that she was under the age of legal consent, where both of her parents consented thereto.

[Ed. Note.—For other cases, see Marriage, Dec. Dig. § 58.*]

Action by Anna T. Kruger against Henry Kruger. Complaint dismissed.

C. I. Engel, for plaintiff.

GREENBAUM, J. This is an undefended action for annulment of marriage upon the ground that plaintiff had not attained the age of 18 years at the time of her marriage with the defendant. Plaintiff and defendant were married in the borough of Manhattan, city of New York, on the 6th day of April, 1908. A marriage license was duly

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

issued by the city clerk upon an application·in which the plaintiff gave her age as 17 years, and to which the written consent of both parents of plaintiff was annexed. Plaintiff and her father testify that she was 17 years 7 months old when she married; that she and her husband lived together as husband and wife for about 3 months after their marriage, and then separated. At the time of separation plaintiff claims she was still under the age of 18 years, and that she attained 18 years of age on August 14, 1908, about 18 days after her separation from defendant.

Although it appears that the plaintiff was born in the city of New York, no record, either public or private, was produced showing the date of her birth, nor was any explanation given why the public record, or a certified copy thereof, was not forthcoming. The statutes relative to annulment of marriages contracted under the age of legal consent are somewhat confusing. Section 1742 of the Code of Civil Procedure provides that:

"An action may be maintained, by the woman, to procure a judgment, declaring a marriage contract void, and annulling the marriage, under the following circumstances: (1) Where the plaintiff had not attained the age of sixteen years at the time of the marriage. (2) Where the marriage took place without the consent of her father, mother, guardian or other person having the legal charge of her person. (3) Where it was not followed by consummation or cohabitation, and was not ratified by any mutual assent of the parties, after the plaintiff attained the age of sixteen years."

Section 1743 of the Code provides:

"An action may also be maintained to procure a judgment, declaring a marriage contract void and annulling the marriage, for either of the following causes, existing at the time of the marriage: (1) That one or both of the parties had not attained the age of legal consent."

The remaining subdivisions of section 1743 have no application to the case at bar. The domestic relations law (Laws 1896, p. 216, c. 272, § 4; Consol. Laws, c. 14, § 7; Laws 1909, p. 14, c. 19) declares the age of consent to marry to be 18 years, but does not amend section 1742 of the Code. Chapter 742, p. 1744, of the Laws of 1907, in force at time of plaintiff's marriage, amended the domestic relations law by providing for marriage licenses, and in section 10 thereof it was among other matters provided:

"If it shall appear upon an application of the applicant, as provided in this section, that the man is under twenty-one years of age, or that the woman is under the age of eighteen years, then the town or city clerk, before he shall issue a license, shall require the written consent to the marriage from both parents of the minor or minors, or such as shall then be living, or if the parents of both are dead then the written consent of the guardian or guardians of such minor or minors."

Section 1742, of the Code, therefore, is available to a woman only, and under the circumstances therein enumerated, all of which must concur. The first is that the plaintiff "had not attained the age of 16 years at the time of the marriage," and the second that the consent to the marriage had not been given by the parent or guardian. Clearly the plaintiff cannot maintain her action under section 1742, inasmuch as she was upwards of 17 years of age when she married with her parents' consent. If any right to bring this action exists, it must be

found in section 1743 of the Code, which simply declares that a person who "had not attained the age of legal consent" may maintain an action for annulment of marriage. The meager language of this section makes it obvious that it must be read in connection with section 1742 and other existing statutes.

Section 1743 is available to either a man or woman under the age of legal consent, and section 1742 only to a woman under 16 years of age. If an annulment of marriage contracted by a girl under 16 years of age may not be decreed where the marriage took place with the consent of the parents, it follows that the Legislature must have intended that an annulment may not be granted in the case of an infant above 16 years of age and under 18 years of age, where the consent of parent or guardian of the infant to the marriage had been obtained. The legislative intent, as above indicated, is further evidenced by the provisions of the domestic relations law relative to marriage licenses above quoted, expressly permitting the issuance of a license to marry to a woman under 18 years of age, where the consent of parents or guardians is obtained. It follows, therefore, that the plaintiff is not entitled to an annulment of her marriage.

Independently of the foregoing conclusions, and in view of the apparently increasing number of suits for the annulment of marriages contracted under the age of legal consent, I deem it proper to state that the proof of the age of the plaintiff in this case is unsatisfactory, resting as it does upon the uncorroborated testimony of the interested witnesses, and without any record evidence. The complaint is dismissed.

Complaint dismissed.